| AOC-105 Rev. 11-95 Summons Type: CI | | Case No. 15-CI-000910 |
|---|---|---|
| Commonwealth of Kentucky Court of Justice | | Court: Circuit |
| CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | County: Jefferson |

JEFFERSON CIRCUIT COURT
DIVISION SIX (6)

Jacqueline Hall-Beckett, Administratrix of the Estate of Dennis Beckett, Deceased

**PLAINTIFF**

VS.

**Regency Nursing, LLC**
**d/b/a Regency Center**

**DEFENDANT**

Serve:   CSC-Lawyers Incorporating Service Company
421 W Main Street
Frankfort, Kentucky 40601

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANTS:

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with this summons. Unless a written defense is made by you or by an attorney on your behalf and filed in the clerk's office within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his (their) attorney(s) are shown on the document delivered to you with this summons.

Date: FEB 24 2015

Clerk: DAVID L. NICHOLSON, CLERK

By: _____ D.C.

**PROOF OF SERVICE**

This summons was served by delivering a true copy and the complaint (or other initiating document) to:

_____

This _____ day of _____, 20 ____.

Served By: _____

NO. 15 CI 000910

JEFFERSON CIRCUIT COURT
DIVISION _____

JACQUELINE HALL-BECKETT,
ADMINISTRATRIX OF THE ESTATE
OF DENNIS BECKETT, DECEASED

JEFFERSON CIRCUIT COURT
DIVISION SIX (6)

PLAINTIFF

**COMPLAINT**

REGENCY NURSING, LLC
d/b/a REGENCY CENTER

DEFENDANT

Agent:   CSC-LAWYERS INCORPORATING SERVICE COMPANY
421 W Main St
Frankfort, Kentucky 40601

Comes the Plaintiff, Jacqueline Hall-Beckett, as Administratrix of the Estate of Dennis Beckett, Deceased and for his causes of action against Defendant states as follows:

1. Jacqueline Hall-Beckett brings this action pursuant to the Survival of Actions Statute (K.R.S. § 411.140) and the Wrongful Death Statute (K.R.S. § 411.130).

2. Jacqueline Hall-Beckett is the Wife of Dennis Beckett, and a resident of Cincinnati, Hamilton County, Ohio.

3. Jacqueline Hall-Beckett is the Administratrix of the Estate of Dennis Beckett pursuant to the Order appointing her Administratrix, Hamilton County Probate Court, Case No. 2014000377, and therefore brings this action on behalf of the Estate of Dennis Beckett. A copy of the Order appointing Jacqueline Hall-Beckett Administratrix, dated March 17, 2014, is attached hereto marked as **Exhibit A**.

4. Upon information and belief, Dennis Beckett was a resident of Regency Center located at 1550 Raydale Drive, Louisville, Kentucky 40219. Dennis Beckett

remained a resident there until May 23, 2012 when he was transported to Four Seasons Nursing Home.

5. The Defendant, Regency Nursing, LLC d/b/a Regency Center is a Foreign Limited Liability Company active and in good standing, with its principal office located at One Beacon Street, Suite 1100, Boston, Massachusetts. Upon information and belief, at all times material to this action, Defendant Regency Nursing, LLC, operated, managed, controlled, and/or provided services for Regency Center in Louisville, Jefferson County, Kentucky. Upon information and belief, Defendant Regency Nursing, LLC was, at all times material to this action, the "licensee" of the nursing facility. Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, Regency Nursing, LLC was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action made the basis of this suit arise out of such business conducted by said Defendant, Regency Nursing, LLC in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Dennis Beckett. The registered agent for service of process of Regency Nursing, LLC d/b/a Regency Center, is CSC – Lawyers Incorporating Service Company, 421 W. Main Street, Frankfort, KY 40601.

6. The Defendant controlled the operation, planning, management, budget and quality control of Regency Center. The authority exercised by Defendant over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policies and procedures used by nursing facilities in Kentucky, federal and state reimbursement,

financial, tax and accounting control through fiscal policies established by Defendant.

7. Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

8. Dennis Beckett was a resident of Regency Center from March 26, 2012 until May 23, 2012.

9. Dennis Beckett was looking to Defendant for treatment of his total needs for custodial, nursing and medical care and not merely as a site where others not associated with the facility would treat him.

10. At all relevant times mentioned herein, the Defendant owned, operated, managed and/or controlled Regency Center, either directly, through a joint enterprise, partnership and/or through the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

11. Defendant is directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities or agencies.

12. Defendant failed to discharge their obligations of care to Dennis Beckett with a conscious disregard for his rights and safety. At all times mentioned herein, Defendant, through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Dennis Beckett, as more fully set forth below. Defendant knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Regency Center.

13. Due to the wrongful conduct of Defendant, Dennis Beckett suffered accelerated deterioration of his health and physical condition beyond that caused by the normal aging process, as well as the following injuries:

   a) Multiple Avoidable Pressure Ulcers;

   b) Improper medication administration;

   c) Failure to timely respond to requests for care;

   d) Multiple Urinary Tract Infections

   e) Malnutrition;

   f) Dehydration;

   g) Death.

## NEGLIGENCE

14. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 - 13 as if fully set forth herein.

15. Defendant owed a non-delegable duty to Dennis Beckett to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

16. Upon information and belief, Defendant knowingly developed and maintained staffing levels at the facility in disregard of patient acuity levels as well as the minimal time to perform the essential functions of providing care to Dennis Beckett.

17. Defendants negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

   a) Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

      1) ensuring that the rules and regulations designed to protect

    the health and safety of the residents, such as Dennis Beckett, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

  2) ensuring compliance with the resident care policies for the facility; and

  3) ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

b) Failure to provide a facility that was sufficiently staffed with personnel that was properly qualified and trained;

c) Failure to provide the minimum number of qualified personnel to meet the total needs of Dennis Beckett;

d) Failure to maintain all records on Dennis Beckett in accordance with accepted professional standards and practices:

e) Failure to ensure that Dennis Beckett received adequate and proper nutrition, fluids, supervision, therapeutic, and skin care;

f) Failure to increase the number of personnel at the facility to ensure that Dennis Beckett received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to his skin, feet, nails, and oral hygiene;

g) Failure to have in place adequate guidelines, policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

h) Failure to take all necessary and reasonable custodial measures to prevent the onset and progression of pressure sores during Dennis Beckett's residency;

i) Failure to monitor or increase the number of nursing personnel at the facility to ensure that Dennis Beckett:

  1) received timely and accurate care assessments;

  2) received prescribed treatment, medication and diet; and

  3) received timely custodial, nursing and medical intervention due to a significant change in condition.

j) Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

k) Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Dennis Beckett in proportion to his particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

l) Failure to provide adequate hygiene and sanitary care to prevent infection; and

m) Failure to provide proper custodial care.

18. A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Dennis Beckett. With regard to each of the foregoing acts of negligence, Defendant acted with oppression, fraud, malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Dennis Beckett.

19. Pursuant to KRS 446.070, Plaintiff also alleges Defendant violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*. Dennis Beckett was injured by the statutory violations of Defendant and was within the class of persons for whose benefit the statutes were enacted and who was intended to be protected by these statutes. The negligence *per se* of Defendant included, but is not limited to, violation(s) of the following:

a) Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Dennis Beckett;

    b)    Violation(s) of KRS 508.090 *et seq.*, criminal abuse, by committing intentional, wanton or reckless abuse of Dennis Beckett, who was physically helpless or mentally helpless or permitting Leon Bridges, a person of whom Defendants had actual custody, to be abused. Such abuse caused serious physical injury, placed Dennis Beckett in a situation that might cause him serious physical injury, and/or caused torture, cruel confinement or cruel punishment of Dennis Beckett.

    c)    Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Dennis Beckett, who was unable to care for himself because of his illness;

    d)    Violation(s) of KRS 506.080, criminal facilitation of criminal act(s), by acting with knowledge that another person or entity was committing one or more of the foregoing criminal acts or intending to commit one or more of the foregoing criminal acts, and engaged in conduct which knowingly provided another person or entity the means or opportunity for the commission of such criminal act(s) and which in fact aided another person or entity to commit the criminal act(s); and/or

    e)    Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

20.    As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Dennis Beckett suffered the injuries described in Paragraph 13. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all

other relief to which Plaintiff is entitled by law.

## CORPORATE NEGLIGENCE

21. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 20 as if fully set forth herein.

22. Dennis Beckett was looking to Defendant's facility for treatment of his physical ailments and not merely as the situs where others not associated with the facility would treat him for his problems. There is a presumption that the treatment Dennis Beckett received was being rendered through employees of Defendant and that any negligence associated with that treatment would render Defendant responsible. Defendant or persons or entities under their control, or to the extent Defendant were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Dennis Beckett to use the degree and skill which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

23. Defendant owed a non-delegable duty to assist Dennis Beckett in attaining and maintaining the highest level of physical, mental and psychological well-being.

24. Defendant owed a duty to Dennis Beckett to maintain their facility; including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

25. Defendant owed a duty to Dennis Beckett to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Defendants to insure smoothly run facilities and adequate resident care.

26. Defendant owed a duty to Dennis Beckett to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Dennis Beckett from danger due to his inability to care for himself. Defendant had a duty to protect Dennis beckett from any danger which the surroundings would indicate might befall his in view of any peculiar trait exhibited by him or which his mental condition or aberration would suggest as likely to happen.

27. With regard to each of the foregoing acts of negligence, Defendant acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Dennis Beckett.

28. As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Dennis Beckett suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disfigurement, hospitalization, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

29. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 28 as if fully set forth herein.

30. Defendant violated statutory duties owed to Dennis Beckett as a resident of a long term care facility, Kentucky Revised Statutes 216.510 *et seq.* These statutory duties were non-delegable.

31. The violations of the resident's rights of Dennis Beckett include:

 a) Violation of the right to be treated with consideration, respect, and full recognition of his dignity and individuality;

 b) Violation of the right to have a responsible party or family member or his guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

 c) Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet his needs;

 d) Violation of the right to be free from abuse and neglect; and

 e) Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

32. As a result of the aforementioned violations of the Resident's Rights Statutes by Defendant, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

33. With regard to the aforementioned violations of the Resident's Rights Act,

Defendant acted with oppression, fraud, malice, or were grossly negligent by acting with wanton and reckless disregard for the rights of Dennis Beckett and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from Defendant in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

## WRONGFUL DEATH

34. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 33 as if fully set forth herein.

35. As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, wanton or reckless, the Defendant caused the death of Dennis Beckett by their wrongful conduct.

36. Dennis Beckett suffered personal injuries, including excruciating pain and suffering, mental anguish, and emotional distress. The pain, disfigurement, and loss of dignity suffered by Dennis Beckett caused his family to suffer more than normal grief upon his death.

37. As a direct and proximate result of such the wrongful death suffered by Dennis Beckett, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendant including, but not limited to, medical expenses, funeral expenses and other related costs, pain and suffering, the grief suffered by statutory beneficiaries, mental anguish, disability and loss of life in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as

costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

## DAMAGES

38. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 37 as if fully set forth herein.

39. As a direct and proximate result of the negligence of Defendant as set out above, Dennis Beckett suffered injuries including, but not limited to, those listed herein. As a result, Dennis Beckett suffered embarrassment, physical impairment, and death.

40. Plaintiff seeks punitive and compensatory damages against Defendant in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Jacqueline Hall-Beckett, Individually and Jacqueline Hall-Beckett, Administrator of the Estate of Dennis Beckett, deceased, and on behalf of the wrongful death beneficiaries of Dennis Beckett, prays for judgment against Defendant in an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff is entitled, including TRIAL BY JURY

Respectfully submitted this 24th day of February, 2015.

_____
M. Keith Poynter
**THE SAMPSON LAW FIRM**
450 South Third Street, 4th Floor
Louisville, Kentucky 40202
Telephone: (502) 584-5050

Attorney for Plaintiff

## PROBATE COURT OF HAMILTON COUNTY, OHIO
## JAMES CISSELL, JUDGE

ESTATE OF Dennis W. Beckett , DECEASED
CASE NO. 2014000377

### ENTRY APPOINTING FIDUCIARY- LETTERS OF AUTHORITY
[For Executors and all Administrators]

Name and Title of Fiduciary Jacqueline Hall-Beckett

ADMINISTRATOR

On hearing in open Court the application of the above fiduciary for authority to administer decedent's estate, the Court finds that:

Decedent died [check one of the following] ☐ testate - ☒ intestate - on 10/15/2013 domiciled in Cincinnati, Ohio ,

[Check one of the following] ☐ Bond is dispensed with by the Will- ☒ Bond is dispensed with by law- ☐ COURT ORDER
Applicant has executed and filed an appropriate bond, which is approved by the Court; and

Applicant is a suitable and competent person to execute the trust.

The Court therefore appoints applicant as such fiduciary, with the power conferred by law to fully administer decedent's estate. This entry of appointment constitutes the fiduciary's letters of authority.

Date 3-17-14

Joseph C. Gruber (0037604)
McCaslin, Imbus & McCaslin
632 Vine Street, Suite 900
Cincinnati, OH 45202
(513) 421-4646

James Cissell, Probate Judge

### CERTIFICATE OF APPOINTMENT AND INCUMBENCY

The above document is a true copy of the original kept by me as custodian of the records of this Court. It constitutes the appointment and letters of authority of the named fiduciary, who is qualified and acting in such capacity.

[Seal]

James Cissell, Probate Judge/Clerk
by

Date 3-17-14

FILED
COURT COMMON PLEAS PROBATE
JAMES CISSELL, JUDGE
2014 MAR 17 PM 2:52

FORM 4.5 - ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY

07/01/77

CIRCUIT COURT CLERK'S OFFICE
JUDICIAL CENTER
700 W. JEFFERSON ST.
LOUISVILLE, KY 40202



7014 2870 0001 7936 5068



U.S. POSTAGE >> PITNEY BOWES

ZIP 40202
02 1W
00013?0043 FEB 25 2015
$ 007.40⁰

CSC-LAWYERS INCORPORATING
SERVICE COMPANY
421 W. MAIN STREET
FRANKFORT, KY 40601